UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EPHRON LONG, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:09CV424 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Ephron Long's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 9, 2009. (Doc. No. 1). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On March 4, 2005, Movant Ephron Long ("Movant" or "Defendant") plead guilty to conspiracy to distribute and possess with the intent to distribute heroin. The Government agreed to dismiss Count VII of the Indictment, which charged Movant with possession with intent to distribute heroin on January 7, 2003. The Plea Agreement recommended a base offense level of 28. The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for his conduct under Section 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The parties thus estimated a Total Offense Level of 25. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report. Pursuant to the Plea Agreement, Movant waived his post-conviction rights, including both his appeal rights and his habeas corpus rights.

On May 27, 2005, the Court sentenced Movant to 96 months imprisonment, followed by a four year term of supervised release. Movant did not appeal his conviction or sentence.[1] As the Court construes the instant motion, Movant requests that the Court "look over" his case to ensure that justice was served, based on the following "newly discovered evidence": Two ex-police officers[2], who were part of a Special Anti-Crime detail and "played a role" in Movant's case, are now being investigated on charges of planting evidence, stealing cash and filing false criminal charges. (Doc. No. 1).[3]

**STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. §2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. §2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[4]

---

[1] Movant did file a Motion for Modification of Sentence pursuant to 18 U.S.C. §3582(c)(2), asking that his sentence be reduced because the retroactive amendment to the crack cocaine guideline reduced his base offense level. (Cause No. 4:04CR581 JCH, Doc. No. 651). This Court denied Movant's motion on March 28, 2008, however, as Movant's case involved heroin rather than crack cocaine.

[2] The ex-officers are Vincent Carr and Bobby Lee Garrett.

[3] Movant also references a third ex-officer named "Campbell," who allegedly was partners with the two officers now being investigated. (Doc. No. 1).

[4] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

The Court must hold an evidentiary hearing to consider claims in a §2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. §2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## **DISCUSSION**

Upon review of the record, the Court finds Movant's claims are without merit, because the evidence on which his conviction was based in no way involved the conduct, information, or testimony of Carr, Garrett, or Campbell. Instead, the facts of Movant's case, as stipulated to by the parties and set forth in the plea agreement, were as follows:

> Defendant knowingly and intentionally joined in an agreement with other persons to distribute and possess with the intent to distribute heroin.
>
> Defendant admits that he was a distributor of heroin in an organization led by Andrew Evans and admits that he distributed heroin obtained from Evans. Defendant also "cut" or diluted heroin during the conspiracy for distribution.
>
> From August 2002 to January 2003, wiretaps were conducted on co-defendant Andrew Evans' telephones. During the life of the wiretaps, defendant was intercepted over the wiretaps discussing matters relating to the charged conspiracy. Defendant would obtain the heroin, cut or dilute the heroin at times and distribute the heroin out of or near the residence at 5861 Cote Brilliante. During the wiretaps defendant was intercepted discussing his role in the drug conspiracy. Defendant would discuss with Andrew Evans how much heroin he had left for sale, how much money he had made in sales, whether another co-conspirator had delivered capsules used to package the heroin for sale to users, how much "cut" to mix with the heroin among other matters. After the drugs were distributed [] the money from the sales would be returned to Andrew Evans. On January 7, 2003 a search warrant was

executed at 5861 Cote Brilliante. Defendant was present. The officers recovered heroin, currency, weapons and paraphernalia used in "cutting" and mixing heroin. Heroin is a Schedule I Narcotic Controlled Substance drug.

The defendant and the government agree that the facts set forth above are true and may be considered as "relevant conduct" pursuant to Section 1B1.3.

(Cause No. 4:04CR581 JCH, Doc. No. 416, PP. 7-8). Based on the foregoing, the Court finds the facts used to convict Movant included his own words and actions, as recorded during the wiretap.[5] Movant's § 2255 motion will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 26th day of April, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] With respect to the January 7, 2003, search, during which officers recovered heroin, currency, weapons, and paraphernalia used in "cutting" and mixing heroin, the Government presents evidence that no information from the questioned officers was used in the search warrant affidavit, nor were any of the officers referenced in Movant's motion present during the execution of the warrant. (Government's Response to Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 18, United States Code, Section 2255, P. 3 and attached Exh. 2).